**COMMODITY FUTURES TRADING COMMISSION**

2600 Grand Boulevard, Suite 210
Kansas City, Missouri 64108
Telephone: (816) 960-7700
Facsimile: (816) 960-7750
www.cftc.gov

Division of Enforcement

MEMO ENDORSED

ALAN SIMPSON
TRIAL ATTORNEY
816-960-7771
asimpson@cftc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-22-25

April 21, 2025

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Courtroom 21B
500 Pearl Street
New York, NY 10007

Re:   *CFTC v. Stephen Ehrlich*, Civil Action No. 1:23-cv-8962 (LAK)

Dear Judge Kaplan:

I write as counsel for Plaintiff in this action. Plaintiff Commodity Futures Trading Commission ("Commission") and Defendant Stephen Ehrlich (the "Parties") jointly request that this matter be stayed for ninety (90) days as the Parties work expeditiously to present a consent order resolving the matter to your Honor for consideration. The basis for the duration of the requested stay is set forth below.

Late last week, the Parties reached an agreement in principle that is expected to fully resolve this matter. The Parties request a stay in this matter, including all deadlines and hearings in the Scheduling Order (Dkt. 29), to preserve the Parties' resources, maximize judicial economy, and avoid imposing undue burden on third-party discovery subjects. Currently, discovery in this matter is scheduled to close on May 31, 2025. (*Id.*). Any summary judgment motions and a joint pretrial order are due by June 30, 2025, and the trial in this matter is set to commence on September 8, 2025. (*Id.*). Accordingly, the Parties have been in active discovery, and Defendant Ehrlich's and several third-party depositions are scheduled to occur later this month and throughout May.

A district court has "broad discretion to stay proceedings as an incident to its power to control its docket." *Clinton v. Jones*, 520 U.S. 681, 706, 117 S. Ct. 1636, 1651 (1997). Courts in this District consider the following factors in deciding whether to stay a case: "the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996).

Granted
SO ORDERED

LEWIS A. KAPLAN, USDJ

4/22/25