UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN EHRLICH,<br><br>Defendant. | Civil Action No. 1:23-cv-8962 (LAK) |

**CONSENT ORDER FOR PERMANENT INJUNCTION AND OTHER STATUTORY AND EQUITABLE RELIEF AGAINST DEFENDANT STEPHEN EHRLICH AND ORDER DISMISSING COUNTS II, III, AND IV OF THE COMPLAINT**

## I.    INTRODUCTION

On October 12, 2023, Plaintiff Commodity Futures Trading Commission (the "Commission") filed a Complaint (the "Complaint") against Defendant Stephen Ehrlich ("Defendant" or "Ehrlich") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of Sections 4k(2), 4m(1), 4o(1)(A)–(B), and 6(c)(1) of the Commodity Exchange Act (the "Act"), 7 U.S.C. §§ 6k(2), 6m(1), 6o(1)(A)–(B), 9(1), and Commission Regulations ("Regulations") 4.21(a)(1) and 180.1(a)(1)–(3), 17 C.F.R. §§ 4.21(a)(1), 180.1(a)(1)–(3) (2025). (Dkt. 1).

## II.    CONSENTS AND AGREEMENTS

To effect settlement of all claims alleged in the Complaint against Defendant without a trial on the merits or any further judicial proceedings, Defendant:

1. Consents to the entry of this Consent Order for Permanent Injunction and Other Statutory and Equitable Relief Against Defendant Stephen Ehrlich and Order Dismissing Counts II, III, and IV of the Complaint ("Consent Order");

2. Affirms that Defendant has read and agreed to this Consent Order voluntarily, and that no other promise, other than as specifically contained herein, or threat, has been made by the Commission or any member, officer, agent, or representative thereof, or by any other person, to induce consent to this Consent Order;

3. Acknowledges service of the summons and Complaint;

4. Admits the jurisdiction of this Court over Defendant and the subject matter of this action pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1;

5. Admits the jurisdiction of the Commission over the conduct and transactions at issue in this action pursuant to the Act;

6. Admits that venue properly lies with this Court pursuant to 7 U.S.C. § 13a-1(e);

7. Agrees to the dismissal with prejudice of Counts II, III, and IV of the Complaint;

8. Waives:

   a. Any and all claims that Defendant may possess under the Equal Access to Justice Act, 5 U.S.C. § 504 and 28 U.S.C. § 2412, and/or the rules promulgated by the Commission in conformity therewith, Part 148 of the Regulations, 17 C.F.R. pt. 148 (2025), relating to, or arising from, this action;

   b. Any and all claims that Defendant may possess under the Small Business Regulatory Enforcement Fairness Act of 1996, Pub. L. No. 104-121, tit. II, §§ 201–53, 110 Stat. 847, 857-74 (codified as amended at 28 U.S.C. § 2412 and in scattered sections of 5 U.S.C. and 15 U.S.C.), relating to, or arising from, this action;

   c. Any claim of Double Jeopardy based upon the institution of this action or the entry in this action of any order imposing a civil monetary penalty or any other relief, including this Consent Order; and

   d. Any and all rights of appeal from this action.

9. Agrees that the Commission is the prevailing party in this action for purposes of the waiver of any and all rights under the Equal Access to Justice Act, specified in subpart (a) of paragraph 8 above;

10. Consents to the continued jurisdiction of this Court over Defendant for the purpose of implementing and enforcing the terms and conditions of this Consent Order and for any other purpose relevant to this action, even if Defendant now or in the future resides outside the jurisdiction of this Court;

11. Agrees that Defendant will not oppose enforcement of this Consent Order on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure and hereby waives any objection based thereon;

12. Agrees that neither Defendant nor any of Defendant's agents or employees under Defendant's authority or control shall take any action or make any public statement denying, directly or indirectly, any allegation in the Complaint, or creating or tending to create the impression that the Complaint is without a factual basis; provided, however, that nothing in this provision shall affect Defendant's: (a) testimonial obligations, or (b) right to take legal positions in other proceedings to which the Commission is not a party. Defendant shall comply with this agreement, and shall undertake all steps necessary to ensure that all of Defendant's agents and employees under Defendant's authority or control understand and comply with this agreement;

13. Consents to the entry of this Consent Order without admitting or denying the allegations of the Complaint, except as to jurisdiction and venue, which Defendant admits;

14. Consents to the use of the allegations in the Complaint in this proceeding and in any other proceeding brought by the Commission or to which the Commission is a party or

claimant, and agrees that they shall be taken as true and correct and be given preclusive effect therein, without further proof;

15. Does not consent, however, to the use of the allegations in the Complaint as the sole basis for any other proceeding brought by the Commission or to which the Commission is a party, other than a statutory disqualification proceeding; a proceeding in bankruptcy or receivership; or a proceeding to enforce the terms of this Consent Order;

16. Agrees to provide immediate notice to this Court and the Commission by certified mail, in the manner required by paragraph 24 of Part V of this Consent Order, of any bankruptcy proceeding filed by, or on behalf of, or against Defendant, whether inside or outside the United States; and

17. Agrees that no provision of this Consent Order shall in any way limit or impair the ability of any other person or entity to seek any legal or equitable remedy against Defendant in any other proceeding.

### III. PERMANENT INJUNCTION

The Court, being fully advised in the premises, finds that there is good cause for the entry of this Consent Order and that there is no just reason for delay. The Court therefore directs the entry of the following permanent injunction and equitable relief pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, as set forth herein.

**IT IS HEREBY ORDERED THAT:**

18. Defendant is permanently restrained, enjoined, and prohibited from directly or indirectly, in connection with any contract of sale of any commodity in interstate commerce, intentionally or recklessly:

> a. using or employing, or attempting to use or employ, any manipulative device, contrivance, scheme, or artifice to defraud;

    b. making or attempting to make an untrue or misleading statement of material fact or omitting to state a material fact necessary in order to make the statements made not untrue or misleading; or

    c. engaging, or attempting to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person;

in violation of Section 6(c)(1) of the Act, 7 U.S.C. § 9(1), and Regulation 180.1, 17 C.F.R. § 180.1 (2025).

19. Defendant shall be restrained, enjoined, and prohibited for a period of three (3) years after the date of entry of this Consent Order, from directly or indirectly:

    a. Trading on or subject to the rules of any registered entity (as that term is defined in Section 1a(40) of the Act, 7 U.S.C. § 1a(40) (2025));

    b. Entering into any transactions involving "commodity interests" (as that term is defined in Regulation 1.3, 17 C.F.R. § 1.3 (2025)), for Defendant's own personal account(s) or for any account in which Defendant has a direct or indirect interest;

    c. Having any commodity interests traded on Defendant's behalf;

    d. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity interests;

    e. Soliciting, receiving, or accepting any funds from any person for the purpose of purchasing or selling any commodity interests;

    f. Applying for registration or claiming exemption from registration with the Commission in any capacity, and engaging in any activity requiring such registration or exemption from registration with the Commission, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2025); and/or

    g. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2025)), agent or any other officer or employee of any person (as that term is defined in 7 U.S.C. § 1a(38)), registered, exempted from registration or required to be registered with the Commission except as provided for in Regulation 4.14(a)(9), 17 C.F.R. 4.14(a)(9) (2025).

## IV. DISGORGEMENT

20. Defendant shall pay disgorgement in the amount of seven hundred fifty thousand dollars ($750,000.00) (the "Disgorgement Obligation") within ten (10) days of the date of entry of this Consent Order. If the Disgorgement Obligation is not paid in full within ten (10) days of the date of entry of this Consent Order, then post-judgment interest shall accrue on the unpaid portion of the Disgorgement Obligation beginning on the date of entry of this Consent Order and shall be determined by using the Treasury Bill rate prevailing on the date of entry of this Consent Order pursuant to 28 U.S.C. § 1961.

21. Defendant shall make the Disgorgement Obligation payment, and any post-judgment interest payments, under this Consent Order to Michael Wyse, solely in his capacity as the Plan Administrator of Voyager Digital Holdings, Inc., et al. ("Plan Administrator") for the benefit of Holders of Class 3 Account Holder Claims (as defined in the Third Amended Joint Plan of Voyager Digital Holdings, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code, Case No. 22-10943 (Bankr. S.D.N.Y. filed July 5, 2022) (Jointly Administered) (Dkt. 1166-1)). Defendant shall send such payment(s) to the Plan Administrator by electronic funds transfer, or by U.S. postal money order, certified check, bank cashier's check, or bank money order. If payment is to be made other than by electronic funds transfer, then the payment shall be made payable to "Michael Wyse, solely in his capacity as the Plan Administrator of Voyager Digital Holdings, Inc., et al. for the benefit of Holders of Class 3 Account Holder Claims" and sent to the address below:

Michael Wyse
Wyse Advisors, LLC
51 JFK Parkway, First Floor West
Short Hills, NJ 07078
mwyse@wyseadvisorsllc.com

If payment by electronic funds transfer is chosen, Defendant shall contact the Plan Administrator at the email address above to receive payment instructions and shall fully comply with those instructions. Defendant shall accompany payment of the Disgorgement Obligation with a cover letter that identifies Defendant and the name and docket number of this proceeding. Defendant shall simultaneously transmit copies of the cover letter and the form of payment to: (a) the Chief Financial Officer, Commodity Futures Trading Commission, Three Lafayette Centre, 1155 21st Street, NW, Washington, D.C. 20581; and (b) Charles Marvine, Deputy Director, Division of Enforcement, Commodity Futures Trading Commission, 2600 Grand Avenue, Suite 210, Kansas City, Missouri 64108.

22. Partial Satisfaction: Acceptance by the Plan Administrator of any partial payment of Defendant's Disgorgement Obligation shall not be deemed a waiver of Defendant's obligation to make further payments pursuant to this Consent Order, or a waiver of the Commission's right to seek to compel payment of any remaining balance.

## V.    MISCELLANEOUS PROVISIONS

23. To effect settlement of all charges in the Complaint, the parties agree and the Court directs that Counts II, III, and IV of the Complaint be dismissed with prejudice.

24. Until such time as Defendant satisfies in full Defendant's Disgorgement Obligation under this Consent Order, upon the commencement by or against Defendant of insolvency, receivership, or bankruptcy proceedings or any other proceedings for the settlement of Defendant's debts, all notices to creditors required to be furnished to the Commission under

7

Title 11 of the United States Code or other applicable law with respect to such insolvency, receivership, bankruptcy, or other proceedings, shall be sent to the address below:

> Secretary of the Commission
> Office of the General Counsel
> Commodity Futures Trading Commission
> Three Lafayette Centre
> 1155 21st Street N.W.
> Washington, DC 20581

25. **Notice:** All notices required to be given by any provision in this Consent Order shall be sent certified mail, return receipt requested, as follows:

Notice to the Commission:

> Charles Marvine
> Deputy Director, Division of Enforcement
> Commodity Futures Trading Commission
> 2600 Grand Blvd., Ste. 210
> Kansas City, MO 64108

Notice to Defendant:

> Stephen Ehrlich
> c/o Sarah Krissoff, Esq.
> Cozen O'Connor
> 3 WTC, 175 Greenwich Street, 55th Floor
> New York, NY 10007

All notices to the Commission shall reference the name and docket number of this action.

26. **Change of Address/Phone:** Until such time as Defendant shall satisfy in full the Disgorgement Obligation as set forth in this Consent Order, Defendant shall provide written notice to the Commission by certified mail of any change to Defendant's telephone number(s) and mailing address(es) within ten calendar days of the change.

27. **Entire Agreement and Amendments:** This Consent Order incorporates all of the terms and conditions of the settlement among the parties hereto to date. Nothing shall serve to

amend or modify this Consent Order in any respect whatsoever, unless: (a) reduced to writing; (b) signed by all parties hereto; and (c) approved by order of this Court.

28. Invalidation: If any provision of this Consent Order or if the application of any provision or circumstance is held invalid, then the remainder of this Consent Order and the application of the provision to any other person or circumstance shall not be affected by the holding.

29. Waiver: The failure of any party to this Consent Order or of any customer at any time to require performance of any provision of this Consent Order shall in no manner affect the right of the party or customer at a later time to enforce the same or any other provision of this Consent Order. No waiver in one or more instances of the breach of any provision contained in this Consent Order shall be deemed to be or construed as a further or continuing waiver of such breach or waiver of the breach of any other provision in this Consent Order.

30. Continuing Jurisdiction of this Court: This Court shall retain jurisdiction of this action to ensure compliance with this Consent Order and for all other purposes related to this action, including any motion by Defendant to modify or for relief from the terms of this Consent Order.

31. Injunctive and Equitable Relief Provisions: The injunctive and equitable relief provisions of this Consent Order shall be binding upon the following persons who receive actual notice of this Consent Order, by personal service or otherwise: (1) Defendant; (2) any officer, agent, servant, employee, or attorney of Defendant; and (3) any other persons who are in active concert or participation with any persons described in subsections (1) and (2) above.

32. Counterparts and Facsimile Execution: This Consent Order may be executed in two or more counterparts, all of which shall be considered one and the same agreement and shall

9

become effective when one or more counterparts have been signed by each of the parties hereto and delivered (by facsimile, e-mail, or otherwise) to the other party, it being understood that all parties need not sign the same counterpart. Any counterpart or other signature to this Consent Order that is delivered by any means shall be deemed for all purposes as constituting good and valid execution and delivery by such party of this Consent Order.

33.  Contempt: Defendant understands that the terms of the Consent Order are enforceable through contempt proceedings, and that, in any such proceeding Defendant may not challenge the validity of this Consent Order.

34.  Agreements and Undertakings: Defendant shall comply with all of the undertakings and agreements set forth in this Consent Order.

There being no just reason for delay, the Clerk of the Court is hereby ordered to enter this *Consent Order for Permanent Injunction and Other Statutory and Equitable Relief Against Defendant Stephen Ehrlich and Order Dismissing Counts II, III, and IV of the Complaint,* forthwith and without further notice.

**DONE AND ORDERED** on this 5th day of September, 2025.

_____
Lewis A. Kaplan
United States District Judge

CONSENTED TO AND APPROVED BY:

_____
Defendant Stephen Ehrlich
Date: 6/12/25

Approved as to form:

*Sarah Krissoff*
_____
Sarah Krissoff
skrissoff@cozen
Cozen O'Connor
3 WTC, 175 Greenwich Street
New York, NY 10007
(212) 908-1388 (telephone)
(646) 225-5128 (facsimile)

Date: June 12, 2025

_____
Rachel Hayes (admitted *Pro Hac Vice*)
rhayes@cftc.gov
Alan T. Simpson (admitted *Pro Hac Vice*)
asimpson@cftc.gov
Commodity Futures Trading Commission
2600 Grand Boulevard, Suite 210
Kansas City, MO 64108
(816) 960-7700 (telephone)
(816) 960-7750 (facsimile)

Counsel for Plaintiff Commodity Futures Trading Commission

Date: August 21, 2025

11